1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   BAKEMARK USA, LLC,                    Case No. 2:22-cv-03737-SSS-JEMx

12                                         Hon. Sunshine Suzanne Sykes, Ctrm. 2
             Plaintiff,                    Mag. Judge John E. McDermott, Ctrm. 640
13

14          v.                            [~~PROPOSED~~] STIPULATED
                                          CONFIDENTIALITY AND
15   CLARK ASSOCIATES, INC.,              PROTECTIVE ORDER
     THE WEBSTAURANT STORE, d/b/a
16   WEBSTAURANTSTORE.COM and
     DOES 1-100,
17
             Defendants.
18

19   CLARK ASSOCIATES, INC. and THE
     WEBSTAURANT STORE, d/b/a
20   WEBSTAURANTSTORE.COM,

21           Counter-Plaintiffs,

22          v.

23   BAKEMARK USA, LLC,

24           Counter-Defendant.

25

26
27
28

7757756.1
4857-4980-8972

On February 7, 2023, Plaintiff BakeMark USA, LLC and Defendants Clark Associates, Inc. and The Webstaurant Store d/b/a Webstaurantstore.com jointly submitted a Stipulated Confidentiality and Protective Order pursuant to <u>Federal Rule of Civil Procedure 26(c)</u> to facilitate the production and receipt of information in discovery in this action. The court, having considered the Stipulated Confidentiality and Protective Order and finding good cause, hereby ORDERS as follows:

1.    <u>PURPOSES, LIMITATIONS AND GOOD CAUSE</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal and as stated in the Court's Standing Order at Section VII (B).

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"HIGHLY CONFIDENTIAL" Information  or Items</u>: information not generally known to the public or information that is extremely sensitive

7757756.1
4857-4980-8972

"CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means such as, without limitation, information within one or more of the following categories: (a) financial information that the party has maintained as confidential relating to revenue, costs, and profit margins; (b) information that reveals internal methods, processes, costs, and strategies relating to procurement, logistics, online advertising, key word adverting and search engine optimization; (c) business plans and strategies; (d) customer identities; and (e) internal proprietary software.

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have

7757756.1
4857-4980-8972

1   appeared in this action on behalf of that party or are affiliated with a law firm which

2   has appeared on behalf of that party.

3       2.10   Party:  any party to this action, including all of its officers, directors,

4   employees, consultants, retained experts, and Outside Counsel of Record (and their

5   support staffs).

6       2.11   Producing Party:  a Party or Non-Party that produces Disclosure or

7   Discovery Material in this action.

8       2.12   Professional Vendors:  persons or entities that provide litigation support

9   services (e.g., photocopying, videotaping, trial presentation, translating, preparing

10   exhibits or demonstrations, and organizing, storing, or retrieving data in any form or

11   medium) and their employees and subcontractors.

12       2.13   Protected Material:  any Disclosure or Discovery Material that is

13   designated as "HIGHLY CONFIDENTIAL –."

14       2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material

15   from a Producing Party.

16   3.   SCOPE

17       The protections conferred by this Stipulation and Order cover not only

18   Protected Material (as defined above), but also (1) any information copied or

19   extracted from Protected Material; (2) all copies, excerpts, summaries, or

20   compilations of Protected Material; and (3) any testimony, conversations, or

21   presentations by Parties or their Counsel that might reveal Protected Material.

22   However, the protections conferred by this Stipulation and Order do not cover the

23   following information: (a) any information that is in the public domain at the time of

24   disclosure to a Receiving Party or becomes part of the public domain after its

25   disclosure to a Receiving Party as a result of publication not involving a violation of

26   this Order, including becoming part of the public record through trial or otherwise;

27   and (b) any information known to the Receiving Party prior to the disclosure or

28

obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

This Order will remain in effect until the final disposition of this litigation pending further order of the court. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating

7757756.1
4857-4980-8972

Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

7757756.1
4857-4980-8972

(e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a

CONFIDENTIALITY AND
PROTECTIVE ORDER
CASE NO. 2:22-CV-03737-SSS-JEMx

7757756.1
4857-4980-8972

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice or as otherwise mutually agreed by the parties. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   6.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to seeking judicial determination under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). In addition, the Challenging Party may file a motion  (in compliance with Civil Local Rule 79-5, if applicable) challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the

7757756.1
4857-4980-8972

material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the receiving party's House counsel;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7757756.1
4857-4980-8972

(f)  during their depositions, corporate designated witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "HIGHLY CONFIDENTIAL." before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating

7757756.1
4857-4980-8972

Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "HIGHLY CONFIDENTIAL".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving

- 11 -

7757756.1
4857-4980-8972

Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.  MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any

- 12 -

7757756.1
4857-4980-8972

1    person to seek its modification by the court in the future.

2          12.2    Right to Assert Other Objections. By stipulating to the entry of this

3    Protective Order no Party waives any right it otherwise would have to object to

4    disclosing or producing any information or item on any ground not addressed in this

5    Stipulated Protective Order. Similarly, no Party waives any right to object on any

6    ground to use in evidence of any of the material covered by this Protective Order.

7          12.3    Filing Protected Material. Without written permission from the

8    Designating Party or a court order secured after appropriate notice to all interested

9    persons, a Party may not file in the public record in this action any Protected

10   Material. A Party that seeks to file under seal any Protected Material must comply

11   with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant

12   to a court order authorizing the sealing of the specific Protected Material at issue.

13   Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

14   establishing that the Protected Material at issue is privileged, protectable as a trade

15   secret, or otherwise entitled to protection under the law. If a Receiving Party's request

16   to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by

17   the court, then the Receiving Party may file the information in the public record

18   pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

19   13.   FINAL DISPOSITION

20         Within 60 days after the final disposition of this action, as defined in paragraph

21   4, each Receiving Party must return all Protected Material to the Producing Party or

22   destroy such material. As used in this subdivision, "all Protected Material" includes

23   all copies, abstracts, compilations, summaries, and any other format reproducing or

24   capturing any of the Protected Material. Whether the Protected Material is returned or

25   destroyed, the Receiving Party must submit a written certification to the Producing

26   Party (and, if not the same person or entity, to the Designating Party) by the 60 day

27   deadline that (1) identifies (by category, where appropriate) all the Protected Material

28

7757756.1
4857-4980-8972

that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

Date: 2/8/2023

Hon. John E. McDermott
U.S. Magistrate Judge

7757756.1
4857-4980-8972

CONFIDENTIALITY AND
PROTECTIVE ORDER
CASE NO. 2:22-CV-03737-SSS-JEMx

1   SNELL & WILMER L.L.P.
    Deborah A. Gubernick, Bar No. 242483
2   dgubernick@swlaw.com
    Christopher D. Bright, Bar No. 206273
3   cbright@swlaw.com
    Gregory J. Sonnenberg, Bar No. 331216
4   gsonnenberg@swlaw.com
    600 Anton Blvd., Suite 1400
5   Costa Mesa, California  92626-7689
    Telephone:   714.427.7000
6   Facsimile:   714.427.7799

7   Attorneys for Plaintiff and Counter-Defendant
    BakeMark USA, LLC
8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12   BAKEMARK USA, LLC,                    Case No. 2:22-cv-03737-SSS-JEMx

13                                         Hon. Sunshine Suzanne Sykes, Ctrm. 2
                    Plaintiff,             Mag. Judge John E. McDermott, Ctrm. 640
14
          v.
15                                         **ACKNOWLEDGMENT AND**
     CLARK ASSOCIATES, INC.,               **AGREEMENT TO BE BOUND**
16   THE WEBSTAURANT STORE, d/b/a
     WEBSTAURANTSTORE.COM and
17   DOES 1-100

18                  Defendants.

19   CLARK ASSOCIATES, INC. and THE

20   WEBSTAURANT STORE, d/b/a

21   WEBSTAURANTSTORE.COM,

22                  Counter-Plaintiffs,

23        v.

24   BAKEMARK USA, LLC,

25                  Counter-Defendant.

26

27

28
                          **EXHIBIT A**
                             - 1 -

The undersigned has read the Stipulated Protective Order entered in this case, understands its terms, and agrees to be bound by them. The undersigned understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Highly Confidential in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or entity, except in accordance with the provisions of the Stipulated Protective Order.

The undersigned acknowledges that his/her obligation to honor the confidentiality of such confidential information will continue even after this case concludes.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in financial penalties or contempt of court.

**Name**: _____

**Job Title**: _____

**Employer**: _____

**Business Address**: _____

_____

**Date**_____        **Signature**_____

CONFIDENTIALITY AND
PROTECTIVE ORDER
CASE NO. 2:22-CV-03737-SSS-JEMx

7757756.1
4857-4980-8972

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689